HANSON BRIDGETT LLP
MERTON A. HOWARD - 161125
mhoward@hansonbridgett.com
ERIC W. JUNGINGER - 209619
ejunginger@hansonbridgett.com
ADAM W. HOFMANN - 238476
ahofmann@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA  94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendant
HEXION SPECIALTY CHEMICALS, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BETTY UTTERBACK; ROBERT ROSS,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>HEXION SPECIALTY CHEMICALS, INC.,<br><br>　　　　　　Defendant. | No. CV-08-0983 (JCS)<br><br>**DEFENDANT HEXION SPECIALTY CHEMICALS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT FOR ASBESTOS PERSONAL INJURY/PRODUCTS LIABILITY**<br><br>Action Filed:　　February 15, 2008 |

　　　　For its Answer to Plaintiffs Betty Utterback and Robert Ross's (hereinafter "Plaintiffs") Complaint for Asbestos Personal Injury/Products Liability, Defendant Hexion Specialty Chemicals, Inc. (hereinafter "HEXION") denies each and every allegation, matter and thing alleged in Plaintiffs' Complaint, except as may be hereinafter admitted, qualified or explained, and states and alleges as follows:

　　　　1.　　HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of Plaintiffs' Complaint, except on information and belief, HEXION admits that Plaintiffs are individuals.

　　　　2.　　HEXION is without knowledge or information sufficient to form a belief as to

- 1 -

1 | the truth or falsity of the allegations contained in paragraph 2 of Plaintiffs' Complaint.

2 |     3.    HEXION denies the allegations of paragraph 3 of Plaintiffs' Complaint. HEXION is further without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the **Exhibit A** attached to Plaintiffs' Complaint and referenced in paragraph 3.

    4.    HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Plaintiffs' Complaint.

    5.    HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Plaintiffs' Complaint, except that HEXION admits that Plaintiffs claim damages on the basis of the facts alleged. As to Plaintiffs' statement that "[a]s used herein, plaintiffs shall mean the above-captioned asbestos-injured plaintiffs," HEXION alleges that the statement is an operative definition for the ease of the court and not an allegation of material fact, but to the extent this statement includes any allegation of material fact, HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of that fact, if any.

    6.    HEXION admits that it is a corporation organized and existing under the laws of a state other than California, and that it is and authorized to do business in the State of California, but is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

    7.    On information and belief, HEXION admits that Plaintiff Betty Utterback is a citizen of the State of California, and Plaintiff Robert Ross is a citizen of the State of Arizona. HEXION further admits that it is a corporation incorporated under the laws of the State of New Jersey and having its principle place of business in the State of Ohio. HEXION is informed and believes, and on that basis alleges that there are entities and/or individuals who are required to be joined and whose continued absence from the litigation will prejudice HEXION's defense. HEXION is further informed and believes that some or all of those entities and/or individuals may be citizens of California. Accordingly,

1 | HEXION is without knowledge or information sufficient to form a belief as to the truth or
2 | falsity of Plaintiffs' claim that this Court has original jurisdiction under 28 U.S.C. section
3 | 1332.
4 |     8.    HEXION admits that venue is proper in the Northern District of California,
5 | that assignment to the San Francisco Division is proper, and that HEXION is subject to
6 | personal jurisdiction in this district at this time; however, HEXION is without knowledge
7 | or information sufficient to form a belief as to the truth or falsity of the remaining
8 | allegations contained in paragraph 8 of Plaintiffs' Complaint.
9 |     9.    HEXION admits that it was formerly known as Borden, Inc. and Borden
10 | Chemical, Inc.. Until a specific product has been identified by plaintiffs, HEXION is
11 | without knowledge or information sufficient to form a belief as to the truth or falsity of the
12 | remaining allegations contained in paragraph 9 of Plaintiffs' Complaint.
13 |     10.    Until a specific product has been identified by plaintiffs, HEXION denies the
14 | allegations contained in paragraph 10 of Plaintiffs' Complaint.
15 |     11.    Until a specific product has been identified by plaintiffs, HEXION denies the
16 | allegations contained in paragraph 11 of Plaintiffs' Complaint.
17 |     12.    HEXION is without knowledge or information sufficient to form a belief as to
18 | the truth or falsity of the allegations contained in paragraph 12 of Plaintiffs' Complaint.
19 |     13.    Until a specific product has been identified by plaintiffs, HEXION denies the
20 | allegations contained in paragraph 13 of Plaintiffs' Complaint.
21 |     14.    HEXION is without knowledge or information sufficient to form a belief as to
22 | the truth or falsity of the allegations contained in paragraph 14 of Plaintiffs' Complaint.
23 | HEXION is further without knowledge or information sufficient to form a belief as to the
24 | truth or falsity of the allegations contained in the **Exhibit A** attached to Plaintiffs'
25 | Complaint and referenced in paragraph 14.
26 |     15.    HEXION is without knowledge or information sufficient to form a belief as to
27 | the truth or falsity of the allegations contained in paragraph 15 of Plaintiffs' Complaint.
28 | HEXION is further without knowledge or information sufficient to form a belief as to the

- 3 -

1  truth or falsity of the allegations contained in the **Exhibit A** attached to Plaintiffs'
2  Complaint and referenced in paragraph 15.
3      16.   HEXION is without knowledge or information sufficient to form a belief as to
4  the truth or falsity of the allegations contained in paragraph 16 of Plaintiffs' Complaint.
5      17.   HEXION is without knowledge or information sufficient to form a belief as to
6  the truth or falsity of the allegations contained in paragraph 17 of Plaintiffs' Complaint.
7      18.   HEXION is without knowledge or information sufficient to form a belief as to
8  the truth or falsity of the allegations contained in paragraph 18 of Plaintiffs' Complaint.
9      19.   HEXION is without knowledge or information sufficient to form a belief as to
10 the truth or falsity of the allegations contained in paragraph 19 of Plaintiffs' Complaint.
11     20.   HEXION is without knowledge or information sufficient to form a belief as to
12 the truth or falsity of the allegations contained in paragraph 20 of Plaintiffs' Complaint.
13     21.   HEXION is without knowledge or information sufficient to form a belief as to
14 the truth or falsity of the allegations contained in paragraph 21 of Plaintiffs' Complaint.
15     22.   HEXION is without knowledge or information sufficient to form a belief as to
16 the truth or falsity of the allegations contained in paragraph 22 of Plaintiffs' Complaint.
17     23.   HEXION denies the allegations contained in paragraph 23 of Plaintiffs'
18 Complaint.
19     24.   HEXION alleges that the statement is an operative reference for the ease
20 of the court and not an allegation of material fact, but to the extent this statement
21 includes any allegation of material fact, HEXION is without knowledge or information
22 sufficient to form a belief as to the truth or falsity of that fact, if any.
23     25.   HEXION is without knowledge or information sufficient to form a belief as to
24 the truth or falsity of the allegations contained in paragraph 25 of Plaintiffs' Complaint.
25     26.   HEXION is without knowledge or information sufficient to form a belief as to
26 the truth or falsity of the allegations contained in paragraph 26 of Plaintiffs' Complaint.
27     27.   HEXION is without knowledge or information sufficient to form a belief as to
28 the truth or falsity of the allegations contained in paragraph 27 of Plaintiffs' Complaint.

- 4 -

28.   HEXION denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.   HEXION denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.   Until a specific product has been identified by plaintiffs, HEXION denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.   HEXION denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.   HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.   HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.   HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.   HEXION is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1.   HEXION alleges that neither the Complaint nor any purported cause of action or claim for relief alleged therein states facts sufficient to constitute a cause of action or claim for relief against HEXION.

### SECOND AFFIRMATIVE DEFENSE

**(Lack of Subject Matter Jurisdiction)**

2.   HEXION alleges that the Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint, because the joinder of all required parties may destroy the Court's original jurisdiction over the action pursuant to 28 U.S.C. section 1332.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

3. HEXION alleges that the Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint, because each alleged cause of action against HEXION, is barred by the provisions of California Labor Code, section 3600, et seq.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

4. HEXION alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication of this action.

### FIFTH AFFIRMATIVE DEFENSE

### (Claims Splitting)

5. HEXION alleges that Plaintiffs have improperly split their claims between concurrent actions in this Court and in the Superior Court of California, County of San Francisco.

### SIXTH AFFIRMATIVE DEFENSE

### (Misjoinder of Parties)

6. HEXION alleges that Plaintiffs neither seek joint, several, nor alternative relief and that Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences; consequently, Plaintiffs are improperly joined in this action.

### SEVENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

7. HEXION alleges that Plaintiffs' claims, or some part thereof, are or may become barred by the doctrines of *res judicata* and/or collateral estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8. HEXION alleges that Plaintiffs are barred from asserting any claim by

reason of the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 338, 339, 340, 340.2, 343, 361, 583.210, 583.310, 583.410, California Commercial Code section 2725, and other applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Doctrine of Laches)

9. HEXION alleges that Plaintiffs unreasonably delayed bringing this action, without good cause therefore, and thereby have prejudiced HEXION as a direct and proximate result of such delay; accordingly, this action is barred by laches.

## TENTH AFFIRMATIVE DEFENSE
### (Primary Assumption of Risk - Absence of Duty)

10. HEXION alleges that Plaintiffs' alleged injuries and damages, if any, resulted from inherent risks of the activity in which Plaintiffs or Plaintiffs' spouses voluntarily engaged, and as to which HEXION owed no duty.

## ELEVENTH AFFIRMATIVE DEFENSE
### (No Control Over Responsible Parties)

11. HEXION alleges that any loss, injury, or damage incurred by Plaintiffs was proximately caused by the negligent or willful acts or omissions of parties or other persons or entities whom HEXION neither controlled nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of HEXION.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Successor, Predecessor, Parent or Subsidiary Liability)

12. HEXION denies any and all liability to the extent that Plaintiffs asserts HEXION's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying,

- 7 -

offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Implied Assumption of Risk)

13. HEXION alleges that Plaintiff or Plaintiffs' spouse knowingly, voluntarily, and unreasonably assumed any and all of the risks, perils, and hazards, if any, referred to in the Complaint, and therefore, assumed the risk of any loss, injury, or damages sustained, if any, which serves to bar or reduce any recovery by Plaintiffs.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Open and Obvious Condition)

14. HEXION alleges that any alleged defect or dangerous condition was open and obvious, due to adequate warnings or by virtue of its appearance, form, function, instructions, or other features, and Plaintiffs or Plaintiffs' spouses, or others who assumed responsibility for Plaintiffs or Plaintiffs' spouses' safety and well-being, knew or in the exercise of reasonable care should have known of it and taken measures to avoid it.

### FIFTHTEENTH AFFIRMATIVE DEFENSE
### (Expiration of Useful Safe Life)

15. HEXION alleges that if Plaintiffs or Plaintiffs' spouses were injured by products manufactured by HEXION, which is denied, such injury took place after the expiration of the useful safe life of such products.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Plaintiffs' or Plaintiffs' Spouses' Comparative Fault)

16. HEXION alleges that Plaintiffs or Plaintiffs' spouses were negligent, careless, and reckless in and about the matters alleged in the Complaint, and this negligence and carelessness proximately caused or contributed to any claimed injuries, if any, alleged in the Complaint. Further, Plaintiffs or Plaintiffs' spouses failed to exercise

ordinary or any care of their own safety. In the event Plaintiffs are entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiffs or Plaintiffs' spouses and any person whose negligent acts or omissions are imputed to Plaintiffs or Plaintiffs' spouses.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Employers' Fault)**

17.   HEXION alleges that Plaintiffs' or Plaintiffs' spouses' employers were negligent, careless, and reckless in and about the matters referred to in the Complaint, and that said employers failed to exercise ordinary or any care for Plaintiffs' or Plaintiffs' spouses' own safety, and further that such negligence and carelessness on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, if any, complained of by Plaintiffs; and HEXION is not liable for said employers' proportionate share of non-economic damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Sophisticated User)**

18.   HEXION alleges that all of Plaintiffs, Plaintiffs' spouses, and their respective employers were sophisticated users and handlers of asbestos and/or asbestos-containing products and their respective negligence in exposing Plaintiffs and/or Plaintiffs' spouses to asbestos and/or asbestos-containing products in a negligent, careless, and reckless manner was a superseding intervening cause of Plaintiffs or Plaintiffs' spouses' injuries, if any.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Allocation of Fault)**

19.   HEXION alleges that at the time of the injuries alleged in the Complaint, the negligence, fault, or other legal liability of parties (named or unnamed) other than HEXION was the sole, contributory, or concurrent proximate and legal cause of any injury, loss or damage, including non-economic damages, if any, allegedly sustained by Plaintiffs; and HEXION is not liable for these other parties' proportionate share of non-

1  economic damages pursuant to Civil Code sections 1431, et seq., and other principles of
2  law and equity.

### TWENTIETH AFFIRMATIVE DEFENSE

### (State of the Art: No Notice)

5  20. HEXION alleges that the products that are the subject matter of this action
6  were manufactured and handled in accordance with the then state of the art and the
7  then current medical, scientific and industrial knowledge, art and practice was such that
8  HEXION did not, and could not, know that Plaintiffs or Plaintiffs' spouses were exposed
9  to a reasonably foreseeable risk of harm.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Workers' Compensation: Set-Off)

12  21. HEXION alleges that Plaintiffs or Plaintiffs' spouses were employed and
13  were entitled to receive Workers' Compensation benefits from their employers; Plaintiffs
14  or Plaintiffs' spouses' employers were negligent in and about the matters referred to in
15  the Complaint, and the negligence on the part of said employers proximately and
16  concurrently contributed to the loss, injury, or damage, if any, complained of by Plaintiff;
17  and by reason thereof, HEXION is entitled to set-off any such benefits to be received by
18  Plaintiffs against any judgment which may be rendered in Plaintiffs' favor.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation: Reduction and Credit)

21  22. HEXION alleges that if Plaintiffs or Plaintiffs' spouses received, or in the
22  future may receive, Workers' Compensation benefits under the California Labor Code as
23  a consequence of the alleged industrial injuries referred to in the Complaint, and in the
24  event Plaintiffs are awarded damages against HEXION, any award against HEXION
25  must be reduced, or alternatively HEXION claims a credit against these awards to the
26  extent that HEXION is barred from enforcing its rights to reimbursement for Workers'
27  Compensation benefits, in the amount of all such benefits that Plaintiffs or Plaintiffs'
28  spouses received or may receive in the future.

- 10 -

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Workers' Compensation: Repayment)

23. HEXION alleges that if Plaintiffs or Plaintiffs' spouses received, or in the future may receive, Workers' Compensation benefits under the California Labor Code as a consequence of the alleged industrial injuries referred to in the Complaint, HEXION demands repayment of any such Workers' Compensation benefits in the event that Plaintiffs recover tort damages as a result of an industrial injury allegedly involved in this case. Although HEXION denies the validity of Plaintiffs' claims, in the event those claims are held valid and not barred by the statutes of limitations or otherwise, HEXION asserts that cross-demands for money have existed between Plaintiffs and HEXION and the demands are compensated, so far as they equal each other, pursuant to California Code of Civil Procedure section 431.70.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

24. HEXION alleges that Plaintiffs or Plaintiffs' spouses failed to exercise due diligence to mitigate any claimed loss, injury, or damage.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

25. HEXION alleges that Plaintiffs or Plaintiffs' spouses waived, and are therefore estopped from asserting, any of the claims upon which Plaintiffs seek relief.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Product Use After Notice of Defect)

26. In the event it is determined any product at issue was in any way dangerous or defective, all of which HEXION specifically denies, HEXION alleges, on information and belief, that said defect was discovered by Plaintiffs or Plaintiffs' spouses (or in the exercise of reasonable care should have been discovered), and that Plaintiffs or Plaintiffs' spouses nevertheless continued to unreasonably, improperly, or negligently use or interact with said product.

- 11 -

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Product Modified by Others)

27.  HEXION alleges that subsequent to the date the products left the possession of HEXION, if they ever were in the possession of HEXION, the products alleged herein were improperly maintained, misused, modified, altered, or changed from their original condition by persons other than HEXION, and that said later conduct by others supersedes the liability, if any, of HEXION and is the proximate cause of Plaintiffs' claimed injuries and damages, if any.

### TWENTY- EIGHTH AFFIRMATIVE DEFENSE

### (Unavoidable Accident)

28.  HEXION alleges that if Plaintiffs suffered any damages, which is denied, such damages were and are the sole and proximate result of an unavoidable accident.

### TWENTY- NINTH AFFIRMATIVE DEFENSE

### (Inadequate Notice)

29.  HEXION alleges that Plaintiffs or Plaintiffs' spouses failed to give adequate notice of any dangerous, hazardous, or defective condition or any breach of warranty, either express or implied.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Disclaimer)

30.  HEXION alleges that HEXION properly disclaimed any and all warranties, express or implied.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unique Injuries Not Foreseeable)

31.  HEXION alleges that if Plaintiffs or anyone else were damaged by any products manufactured, produced, distributed, and/or marketed by HEXION, which HEXION denies, those damages were proximately caused by allergies, sensitivities, and idiosyncrasies peculiar to Plaintiff or any other injured person, not found in the general

///

public, and unknown or unknowable to HEXION, and such injuries and damages, if any, were not reasonably foreseeable to HEXION.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Insufficient Facts To Support Claim for Punitive Damages)

32. HEXION alleges that neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle Plaintiffs to an award of punitive damages against HEXION.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Punitive Damages: Deprivation of Property)

33. HEXION alleges that the imposition of any punitive damages in this matter would deprive HEXION of its property without due process of law under the California Constitution and the United States Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages: Criminal Fine)

34. HEXION alleges that the imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Merchantable Quality)

35. HEXION alleges that at the time HEXION's product(s) left its hands, that product(s) was of good merchantable quality and was fit for its intended and foreseeable use(s).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Setoff and Satisfaction)

36. HEXION alleges that any recovery by Plaintiffs must be setoff and reduced by the amount of any separate obligation owed by or on behalf of Plaintiff to or for the benefit of HEXION and by any payment or promise of payment made to or for the benefit of Plaintiffs with regard to any item of Plaintiffs' alleged damages, if any.

///

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Conspiracy)

37.  HEXION alleges that it has a constitutional right to participate in trade associations, to petition the government, and to pursue, conduct and publish scientific research, and allowing recovery of damages in tort for the allegations made by Plaintiff would violate HEXION's rights to peaceably assemble and to petition the government, and would abridge its freedom of speech, in violation of the First and Fourteenth Amendments of the United States Constitution and the applicable provisions of the California Constitution. *See Chavers v. Gatke Corp.*, 107 Cal. App. 4th 606, 614 (2003).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Fraud / Misrepresentation)

38.  HEXION alleges that Plaintiffs have failed to allege essential elements of a cause of action for fraud and, as such, have not met the strict requirements for this causes of action. *See Barron Estate Co. v. Woodruff Co.*, 163 Cal. 561 (1912); *Hauter v. Zogarts*, 14 Cal. 3d 104, 111 (1975); *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989); *Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 782-783 (1994) (citing *Committee on Children's Television, Inc v. General Foods Corp.*, 35 Cal. 3d 197, 216 (1983)); *Hills Transportation Company v. Southwest Forest Industries, Inc.*, 266 Cal. App. 2d 702, 707 (1968).

WHEREFORE defendant HEXION prays for judgment as follows:

(1)  That Plaintiffs take nothing by way of damages or other relief and that HEXION has no obligation to pay any sum or sums to or for the benefit of Plaintiffs on account of or based upon any matters referenced in the Complaint;

(2)  That judgment be entered in favor of defendant HEXION and that Plaintiffs be ordered to pay HEXION's costs of suit and all other fees and costs allowed at law or in equity;

(3)  For appropriate credits and set-offs for any payment or promise to or for

- 14 -

1  the benefit of Plaintiffs or Plaintiffs' spouses arising out of any subject of the Complaint,
2  be they Workers' Compensation benefits, settlements, judgments, or any other
3  payments, promises, rights, or benefits;
4      (4)    That any judgment for damages entered against HEXION be no greater
5  than the amount of damages related to HEXION's proportionate share, if any, of the
6  combined culpable conduct or legal liability of all parties and non-parties proximately
7  causing Plaintiffs' alleged injuries and damages, if any;
8      (6)    For an order dismissing the Complaint with prejudice; and
9      (5)    For such other and further relief as the Court may deem just and proper.

11  DATED: March 17, 2008

HANSON BRIDGETT LLP

By: _____
MERTON A. HOWARD
Attorneys for Defendant
HEXION SPECIALTY CHEMICALS, INC.

- 15 -

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT;
CASE NO. CV-08-0983 (JCS)

1431183.1

1  HANSON BRIDGETT LLP
   MERTON A. HOWARD - 161125
2  mhoward@hansonbridgett.com
   ERIC W. JUNGINGER - 209619
3  ejunginger@hansonbridgett.com
   ADAM W. HOFMANN - 238476
4  ahofmann@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA  94105
   Telephone:   (415) 777-3200
6  Facsimile:    (415) 541-9366

7  Attorneys for Defendant
   HEXION SPECIALTY CHEMICALS, INC.
8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13 | BETTY UTTERBACK; ROBERT ROSS, | No. CV-08-0983 (JCS)
14 | Plaintiffs, | DEFENDANT HEXION SPECIALTY CHEMICALS, INC.'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL L.R. 3-16
15 | v. |
16 | HEXION SPECIALTY CHEMICALS, INC., | Action Filed:    February 15, 2008
17 | |
18 | Defendant. |

19

20     Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

21  persons, associations of persons, firms, partnerships, corporations (including parent

22  corporations) or other entities (i) have a financial interest in the subject matter in

23  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that

24  subject matter or in a party that could be substantially affected by the outcome of this

25  proceeding:

26  ///

27  ///

28  ///

- 1 -

1   1. Hexion Specialty Chemicals, Inc. is owned by Hexion L.L.C.
2   2. Hexion L.L.C. is owned by Apollo Management L.P.
3
4   DATED: March 17, 2008          HANSON BRIDGETT LLP
5
6                                  By: /s/ Merton A. Howard
7                                  MERTON A. HOWARD
                                   Attorneys for Defendant
8                                  HEXION SPECIALTY CHEMICALS, INC.

- 2 -
DEFENDANT'S CERTIFICATION OF INTERESTED NON-PARTIES;
CASE NO. CV-08-0983 (JCS)

1431580.1

1  HANSON BRIDGETT LLP
   MERTON A. HOWARD - 161125
2  mhoward@hansonbridgett.com
   ERIC W. JUNGINGER - 209619
3  ejunginger@hansonbridgett.com
   ADAM W. HOFMANN - 238476
4  ahofmann@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, CA  94105
   Telephone:   (415) 777-3200
6  Facsimile:   (415) 541-9366

7  Attorneys for Defendant
   HEXION SPECIALTY CHEMICALS, INC.
8

9              UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12 | BETTY UTTERBACK; ROBERT      | No. CV-08-0983 (JCS)
     ROSS,
13 |                              | **CONSENT TO PROCEED BEFORE A
                 Plaintiffs,        UNITED STATES MAGISTRATE JUDGE**
14 |
         v.                         Action Filed:   February 15, 2008
15 |
     HEXION SPECIALTY CHEMICALS,
16 | INC.,

17 |            Defendant.

18

19      In accordance with the provisions of Title 28, U.S.C. Section 636(c), the

20 undersigned party hereby voluntarily consents to have a United States Magistrate Judge

21 conduct any and all further proceedings in the case, including trial, and order the entry of

22 final judgment. Appeal from the judgment shall be taken directly to the United States

23 Court of Appeals for the Ninth Circuit.

24 DATED: March 17, 2008          HANSON BRIDGETT LLP

25                                By: /s/ M.A.H.
26                                MERTON A. HOWARD
                                  Attorneys for Defendant
27                                HEXION SPECIALTY CHEMICALS,
                                  INC.
28
                                  - 1 -

```
 1  HANSON BRIDGETT LLP
    MERTON A. HOWARD - 161125
 2  mhoward@hansonbridgett.com
    ERIC W. JUNGINGER - 209619
 3  ejunginger@hansonbridgett.com
    ADAM W. HOFMANN - 238476
 4  ahofmann@hansonbridgett.com
    425 Market Street, 26th Floor
 5  San Francisco, CA  94105
    Telephone:   (415) 777-3200
 6  Facsimile:   (415) 541-9366

 7  Attorneys for Defendant
    HEXION SPECIALTY CHEMICALS, INC.
 8
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| BETTY UTTERBACK; ROBERT ROSS,<br><br>Plaintiffs,<br><br>v.<br><br>HEXION SPECIALTY CHEMICALS, INC.,<br><br>Defendant. | No. CV-08-0983 (JCS)<br><br>**DEFENDANT HEXION SPECIALTY CHEMICALS, INC.'S DISCLOSURE STATEMENT**<br>**PURSUANT TO FED. R. CIV. P. 7.1**<br><br>Action Filed:   February 15, 2008 |
|---|---|

Pursuant to Federal Rule of Civil Procedure, rule 7.1(a), defendant Hexion Specialty Chemicals, Inc. ("Hexion") states that it is owned and controlled by Hexion L.L.C. There are no other parent corporations or other corporations owning 10% or more of Hexion Specialty Chemicals, Inc.'s stock.

DATED: March 17, 2008

HANSON BRIDGETT LLP

By: /s/ Merton A. Howard
MERTON A. HOWARD
Attorneys for Defendant
HEXION SPECIALTY CHEMICALS, INC.

- 1 -

DEFENDANT'S DISCLOSURE STATEMENT;
CASE NO. CV-08-0983 (JCS)

1431626.1